# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1976

_____

Bobby F. McReynolds

*Plaintiff - Appellant*

v.

Preston Glenn, Jail Administrator, Nevada County Jail; Christopher Wattingny,
Doctor, Wadley Medical Center; Wadley Regional Medical Center at Hope; Dr.
Elkins, Nevada County Jail; Sheriff Danny Martin, Nevada County Jail

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: February 19, 2019
Filed: February 25, 2019
[Unpublished]

_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Arkansas inmate Bobby F. McReynolds appeals orders of the district court[1] dismissing the claims against some defendants, and granting summary judgment to the remaining defendants. Construing the record in a light most favorable to McReynolds, and drawing all reasonable inferences in his favor, we agree with the district court's reasons for finding that summary judgment was warranted on the claims against defendants Preston Glenn, Dr. Elkins, and Sheriff Danny Martin. *See Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) (de novo review). As to the remaining defendants, we agree that Wadley Medical Center was not a state actor, *see Gentry v. City of Lee's Summit, Mo.*, 10 F.3d 1340, 1342 (8th Cir. 1993) (recognizing that one of the two essential elements of a § 1983 action is showing that complained-of-conduct was committed by a person acting under color of state law, i.e. a person who was acting on behalf of the state with authority provided by the state); and we conclude that the court was required to dismiss Dr. Christopher Wattingny for failure to serve after giving McReynolds several extensions to provide an accurate address for service, *see* Fed. R. Civ. P. 4(m) (holding that if defendant is not served within 90 days after the complaint is filed, the court—on a motion, or on its own following notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made by a certain time). We find no merit to McReynolds's challenges to other orders, and we decline to consider the new matters he raises, *see Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2014) (explaining in pro se appeal that new allegations and claims will not be considered). The judgment is affirmed, *see* 8th Cir. R. 47B; and McReynolds's appellate motions are denied.

_____

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas, in part adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.